[No. 1638.]

STATE OF NEVADA, EX REL. H. W. MILES, ET AL., AS THE BOARD OF SCHOOL TRUSTEES OF THE DELAMAR SCHOOL DISTRICT NO. 18, LINCOLN COUNTY, NEVADA, RELATORS, v. SARAH WEDGE, AS SCHOOL SUPERINTENDENT OF PUBLIC SCHOOLS OF LINCOLN COUNTY, NEVADA, RESPONDENT.

DISMISSAL OF ACTION—NON-SUIT—COSTS—MOTION TO DISMISS.

1. Upon original *mandamus* proceedings, demurrer sustained to respondent's answer. Respondent granted further time to file an amended answer, which she failed to do. Relators move to dismiss. Motion to dismiss granted upon relators paying to respondent her costs up to the time of making of motion to dismiss, and respondent to pay relators' costs after the time relators made their said motion to dismiss.

MANDAMUS by the State of Nevada, on the relation of H. W. Miles and others, as the Board of School Trustees of Delamar School District, No. 18, in Lincoln County. **Motion to dismiss. Granted.**

The facts sufficiently appear in the opinion.

*Samuel Platt* and *F. R. McNamee*, for Relators:

I. It has been many times decided in this state, and is universally recognized as a correct statement of the law, that *mandamus* commands an action and *certiorari* reviews an action. (Ency. Pl. & Pr., p. 501 and authorities.) The petitioners have endeavored by force of the court's writ to compel the county superintendent of schools to do a certain thing. Believing that the long lapse of time intervening since the taking of the original census and the final decision on the demurrer would make it practically impossible to retake a census which would tend to verify the original census (because of the changes in population), the petitioners concluded to dismiss their action. In other words, they had determined, instead of compelling the county superintendent to act in conformity with the desires of their petition, that they would abandon their efforts and permit all matters relating to the question in issue to remain in *statu quo*. Certainly the respondents cannot be injured by such dismissal. But respondents contend that the original census was erroneous; that it ought to be retaken, and that

there should be another apportionment of the school funds; and that, in order to secure the relief, the hearing in the *mandamus* matter should be insisted upon, with a view of adjusting all differences in this proceeding.  It is respectfully submitted that, no matter whether the relief prayed for is suggested in the original petition or in the answer thereto, this is a *mandamus* proceeding, and the court has no power to review the action of an inferior tribunal in a *mandamus* proceeding.  The apportionment has been made, and the court has not the right to review the conclusions of an inferior tribunal in a *mandamus* proceeding, after the inferior tribunal has acted.  (*State* v. *Eureka Co.*, 8 Nev. 309; *Floral Springs M. Co.* v. *Rives*, 14 Nev. 166; *Cavanaugh* v. *Wright*, 4 Nev. 119; *Hoole* v. *Kinkead*, 16 Nev. 217).

II.   To grant the respondent affirmative relief would be to extend the scope and function of the writ of *mandamus*.   The writ has always been kept within its own narrow limits and the courts have universally been unwilling to extend its operation.  (*Bright* v. *Farmers' Canal*, 3 Colo. App. 175; *State* v. *Burbank*, 22 La. Ann. 379; *Bracken* v. *Wells*, 3 Tex. 89.)

III.   Suppose the court should grant respondent's prayer for relief, what would be its judgment?   By the dismissal of the petition there is nothing before the court for consideration and the mere request to have it dismissed is equivalent to an abandonment of the court's aid in securing a specific result. Had the application ever come to a hearing upon the merits, and respondent's showing would have been sufficient to have defeated petitioner's right to the writ, the judgment of the court would have been simply that the writ be denied.   No authority can be cited wherein the court have handed down a judgment denying the writ and granting respondent affirmative relief beside.   To have done so would have been to usurp the powers of *nisi prius* and law courts, and to have litigated in a court of last resort by means of an extraordinary writ an issue, the determination of which, in all probability, could have been accomplished by means of a plain, speedy, and adequate remedy at law.   It seems unnecessary here to revert to the peculiar relief prayed for by respondent, considering the relative official position of the county superin-

tendent with the result sought to be secured in this proceeding. It is respectfully suggested that this petition for a writ of *mandamus* was based upon the clear provisions of the statute; that the relief sought by it was clearly within its scope and power; that if its use as a remedy (for good and sufficient reasons) is to be withdrawn, no possible injury can result, unless it may be to petitioners themselves. If respondent has suffered from some breach of legal duty, she certainly has her remedy. No court will deny her the right to employ it, if it be the proper one; and, if she sees fit to bring her action, the constitution of this state indisputably gives her that privilege.

*Benjamin Sanders*, District Attorney, for Respondent:

I. I invite the court's attention to the case of *Walter N. Heldman, et al.*, v. *United States*, 1 Otto, 584–586. The court said: "A judgment that the said suit is not prosecuted and be dismissed is nothing more than non-suit, although the customary technical language is not used, and does not preclude the institution and maintenance of a subsequent suit. There must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively. The general entry of a dismissal of a suit by agreement is evidence of an intention not to abandon the claim on which it is founded, but to preserve the right to bring a new suit thereon if it becomes necessary." (*Ray* v. *Adden*, 50 N. H. 84.) I ask the court: Has this respondent done any thing to justify the court to allow this charge to hang over her any longer? I ask the court if her action justifies a dismissal of this case without prejudice, and leaves the case open so that petitioners can at any time in the future call this matter up again, and put the respondent on her proof, at which time, perhaps, the evidence and protection she now has will not be available.

By the Court, FITZGERALD, J.:

This is a proceeding for *mandamus* to respondent to make apportionment of public school moneys to the above-mentioned school district. On demurrer to the answer to the petition, this court held insufficiency of the facts stated to

prevent the issuance of a writ of mandate, but permitted the respondent to amend her answer. On the coming in of the amended answer the relators moved to dismiss the proceeding "without prejudice."

Counsel for respondent resists the motion on the ground that respondent in her amended answer asks affirmative relief, to wit, that respondent have judgment against relators for moneys theretofore improperly and unlawfully apportioned and paid to said district during the term of respondent's predecessor in the office of superintendent of public schools of said county.

In his brief counsel for respondent admits that such affirmative relief cannot be had in that proceeding, but asks that the proceeding be not dismissed "without prejudice." We think, under the statute, relators have the right to dismissal. Section 3246, Comp. Laws, 1900, is, so far as applicable to this matter, as follows: "An action may be dismissed, or a judgment of non-suit entered in the following cases: First— By the plaintiff himself at any time before trial, upon the payment of costs, if a counter claim has not been made," etc. The fact that respondent makes a counter claim that even her counsel admits cannot be set up in the proceeding does not change the situation. It is precisely as if a counter claim had not been made.

Relators' motion to dismiss without prejudice is granted on their paying to respondent her costs up to the time of making said motion to dismiss; respondent is to pay relators' costs after the time relators made their said motion to dismiss.